UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abraham Rozman<br><br>                        Plaintiff,<br><br><br>   -v.-<br><br>American Express Centurion Bank<br><br>                        Defendant. | Civil Action No: 17-2131<br><br>**COMPLAINT** |

Plaintiff Abraham Rozman ("Plaintiff" or "Gatica") by and through his attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant American Express Centurion Bank ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of Kings, residing at 1526 45th Street, Brooklyn, NY, 11219.

3. Defendant American Express Centurion Bank is a Utah business entity with an address an address at 4315 South 2700 West, Salt Lake City, Utah, 84184 and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant American Express Centurion Bank conducts business in the State of New York and can be served c/o CT Corporation System, 111 Eigth Avenue, New York, NY, 10011.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began calling Plaintiff's cellular telephone, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

9. Defendant placed calls to Plaintiff's cell phone in the manner described previously.

10. Plaintiff spoke with Defendant on Janurary 26, 2017 and revoked any consent that Defendant may have had to contact him on his cellular telephone.

11. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

12. Defendant ignored Plaintiff's revocation and continued to call his cellular telephone number multiple times each day.

13. These calls from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

14. As a result of Defendant's unfair practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

15. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein..

16. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

17. Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

18. Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

19. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Abraham Rozman demands judgment from the Defendant American Express Centurion Bank as follows:

a) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

b) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

c) For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

d) A declaration that the Defendant's practices violated the TCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
April 7, 2017

/s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext 201
Fax: (201) 282-6501